UNITED STATES, Appellee

v

SAMUEL E. McGIRK, Yeoman Second Class, U. S. Navy, Appellant

8 USCMA 429, 24 CMR 239

No. 10,224

Decided November 15, 1957

*Commander H. H. Brandenburg* was on the brief for Appellant, Accused.

*Commander Guilbert W. Martin* was on the brief for Appellee, United States.

### Opinion of the Court

HOMER FERGUSON, Judge:

The accused in this case was found guilty in accordance with his plea of three specifications alleging solicitation and receipt of money from enlisted men as compensation for obtaining a transfer from the Naval Air Technical Training Center, Memphis, Tennessee, to the United States Naval Air Station, Quonset Point, Rhode Island, and one specification alleging only the receipt of money to effect such a transfer, all in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and one specification alleging the violation of a lawful regulation, in contravention of Article 92, Uniform Code of Military Justice, 10 USC § 892.

We brought this case here to consider the prejudicial effect of the law officer's reference to paragraph 76, Manual for Courts-Martial, United States, 1951, on the court's sentence deliberations. After both sides had presented argument on the sentence, the law officer "invite[d] the court's attention to page

121, paragraph 76, of the Manual for Courts-Martial, and also to Chapter XXV which deals with punishments," and further advised that if the court had "any question as to legality they will find it within those sections."

In United States v Rinehart, 8 USCMA 402, 24 CMR 212, we discussed in great detail the mischief which may occur as a result of the court members' use of the Manual in closed session. Here, the law officer not only invited the members to use the Manual during their deliberations on the sentence, but also assured them that the sections referred to would answer "any question as to legality." Paragraph 76 of the Manual, supra, pertains to sentence considerations and contains a great deal of matter relating exclusively to policy and procedure. The very first section of this paragraph refers to paragraph 33h, supra, which states "that the retention in the armed forces of thieves and persons guilty of moral turpitude injuriously reflects upon the good name of the military service and its self-respecting personnel." In Rinehart, supra, we compared this Manual provision, promulgated pursuant to a Presidential Executive Order, to a policy directive announced by the Secretary of the Navy in a SECNAV instruction, and concluded that though "the source of the reference is different, the prejudice is the same."

Accordingly, we hold that the use of the Manual by the court-martial during its deliberations on sentence substantially prejudiced the accused. The decision of the board of review is reversed and a rehearing on the sentence is ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

My reasons for dissenting are set out in United States v Rinehart, 8 USCMA 402, 24 CMR 212, decided this date.